# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NAGRAVISION SA,

    Plaintiff,

v.

SHARKTECH, INC.

    Defendant.

Case No. 2:26-cv-00202-JCM-NJK

**Order**

[Docket No. 1]

Pending before the Court is Applicant Nagravision SA's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 permitting it to issue a subpoena to conduct discovery for use in foreign proceedings.  Docket No. 1.

## I.    BACKGROUND

Applicant is a Swiss company that develops security technology to provide secure access to subscription-based television services.  *See id.* at 1-2.  Applicant seeks to serve a subpoena on Sharktech, a company located in this judicial district.  *See id.*  Sharktech allegedly hosts a server that enables end users to circumvent Applicant's security technology and receive copyrighted television programming by Applicant's client in France without paying the required subscription fee. *See id.* at 1-3.  The Sharktech customer allegedly using this server to circumvent Applicant's security technology is unknown to Applicant.  *See id.*  Applicant seeks an order permitting it to serve a subpoena on Sharktech to request information that will enable it to identify and take legal action against the responsible Sharktech customer.  *See id.*

## II.    *EX PARTE* FILING OF PETITON

Before addressing the merits of the § 1782 application, the Court first discusses the *ex parte* nature of the application.  Although *ex parte* requests are disfavored and generally limited to emergency situations, § 1782 applications are frequently reviewed on an *ex parte* basis.  *See In re Jud. Assistance Pursuant to U.S.C. Sec. 1782 ex rel. Macquarie Bank Ltd.*, No. 2:14-CV-0797-

GMN-NJK, 2014 WL 7706908, at *1 (D. Nev. June 4, 2014). The resulting order provides only that the requested discovery is authorized. *See Medeiros v. Int'l Game Tech.,* No. 2:16-CV-00877-JAD-NJK, 2016 WL 1611591, at *1 (D. Nev. Apr. 22, 2016) (citing *In re Letter of Request from Supreme Court of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991)). So, "concerns regarding any unfairness of granting the application are alleviated by the fact that the opposing party may raise objections and exercise its due process rights by challenging the discovery after it is issued." *Id.* (citing *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir.1976)). Therefore, an *ex parte* application is a permissible method for seeking discovery pursuant to § 1782. *See Medeiros*, 2016 WL 1611591, at *1 (D. Nev. Apr. 22, 2016) (citing *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, *2 (N.D. Cal. Mar. 24, 2016)).

**III.    STANDARDS**

Section 1782 allows federal courts to provide assistance in gathering evidence for use in foreign tribunals. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). A court is authorized to issue an order pursuant to § 1782 once three statutory requirements are satisfied: (1) the person from whom the discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding in a foreign tribunal; and (3) the application is made by a foreign or international tribunal or any interested person. *See Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (citing 28 U.S.C. § 1782(a)).

Even where the statutory requirements have been satisfied, a court is not required to grant a § 1782 application. *See Intel*, 542 U.S. at 264. Courts have broad discretion in deciding whether to grant discovery under § 1782. *See Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002). The Supreme Court has outlined four discretionary factors for courts to consider when ruling on these applications: (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent § 1782 aid; (2) the nature and character of the foreign proceedings and the receptivity of the foreign government or court to judicial assistance from a United States court; (3) whether the § 1782 application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests. *See In re*

*Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (citing *Intel*, 542 U.S. at 264-65). Courts exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts. *See Medeiros v. Int'l Game Tech.*, No. 2:16-CV-00877-JAD-NJK, 2016 WL 1611591, at *3 (D. Nev. Apr. 22, 2016) (citing *Pott v. Icicle Seafoods, Inc.*, 945 F. Supp. 2d 1197, 1199 (W.D. Wash. 2013)).

**IV.   ANALYSIS**

In determining whether to grant the instant application, the Court considers both the statutory requirements of § 1782, and the four discretionary factors outlined in the Supreme Court's *Intel* decision.

**A. Statutory Requirements**

The Court finds that each of the statutory requirements has been met in this application. First, Applicant has presented sufficient evidence that Sharktech is headquartered in Las Vegas, Nevada. *See* Docket No. 1 at 4; *see also* Docket No. 1-3 at 7-12 (Sharktech's website), 13-16 (registration with the Nevada Secretary of State). Applicant submits that Sharktech's website and registration with the Nevada Secretary of State confirm that Sharktech is found in this District. *See id.*

Second, Applicant intends to pursue legal action for violations of French law against the Sharktech customer in the Paris Judicial Court. *See* Docket No. 1 at 4; *see also* Docket No. 1-2 at 3-4 (declaration of Applicant's Vice President, Legal Affairs and Head of Anti-Piracy Litigation and Intelligence Operations). The foreign proceeding for which discovery is sought "must be within reasonable contemplation, but need not be 'pending' or 'imminent.'" *Intel*, 542 U.S. at 243; *see also In re Shefsky*, 2023 WL 9065152, at *2 (D. Nev. Nov. 1, 2023) (explaining that the applicant must provide "some objective indicum that the action is being contemplated"). Applicant submits that it has invested significant resources to prepare the expert analysis connecting the unauthorized circumvention of its security technology to the Sharktech server. *See* Docket No. 1 at 4-5; *see also* Docket No. 1-2 at 3-4. Further, Applicant contends that the French

court is an appropriate forum because it believes that the unauthorized circumvention is specific to Applicant's customer that broadcasts its programming in France.  *See id.*  Additionally, Applicant contends that the discovery requested from Sharktech will be used to support the foreign legal proceeding by identifying the Sharktech customer's name and where to serve them.  *See* Docket No. 1 at 5; *see also* Docket No. 1-2 at 4-5.

Third, Applicant will be a party to the foreign proceeding filed against the Sharktech customer, and therefore qualifies as an "interested person."  *See Intel*, 542 U.S. at 256; *see also In re Shefsky*, 2023 WL 9065152, at *2 (D. Nev. Nov. 1, 2023).  Therefore, the statutory requirements of § 1782 have been satisfied.

### B.  Discretionary Factors

Having determined that the Court has authority to issue an order pursuant to § 1782, the Court turns to whether it should exercise its discretion in doing so.  The Court addresses each of the discretionary factors in turn.

First, the Court considers whether the material sought is within the foreign tribunal's jurisdictional reach.  Sharktech will not be a party to the underlying foreign proceedings, rendering the need for assistance from this Court more readily apparent.  *See* Docket No. 1 at 6; *see also Medeiros v. Int'l Game Tech.*, 2016 WL 1611591, at *3 (D. Nev. Apr. 22, 2016) (citing *In re Pimenta*, 942 F. Supp. 2d 1282, 1288 (S.D. Fla. 2013), *adhered to sub nom. In re de Melo Pimenta*, 2013 WL 12157798 (S.D. Fla. Aug. 20, 2013)).

Second, the Court analyzes the nature and character of the foreign proceedings and the receptivity of the foreign government or court to judicial assistance from a United States court. Courts in the Ninth Circuit have found that where there is no evidence that the foreign tribunal would reject evidence obtained with the aid of § 1782, the courts may presume that the foreign tribunal is receptive.  *See In re Adams*, No. 21-MC-80011-VKD, 2021 WL 275478, at *4 (N.D. Cal. Jan. 27, 2021) (finding that in the absence of evidence to the contrary regarding the Ontario Superior Court of Justice's receptivity to U.S. judicial assistance, the second *Intel* factor weighed in favor of allowing discovery); *see also Medeiros*, No. 2:16-CV-00877-JAD-NJK, 2016 WL 1611591, at *3 (D. Nev. Apr. 22, 2016) (finding no indication that the Brazilian court would be

unreceptive to the discovery sought). There is no indication that French courts would not be receptive to the discovery sought here; indeed, "French courts are generally receptive to discovery obtained via § 1782." *In re McKillen*, 2024 WL 3679548, at *5 (C.D. Cal. July 30, 2024), *report and recommendation adopted*, 2024 WL 3678000 (C.D. Cal. Aug. 5, 2024) (first citing *London v. Does 1-4*, 279 Fed. App'x 513, 515 (9th Cir. 2008); and then citing *In Re MacDonell*, 2020 WL 3961958, at *2 (E.D. Cal. July 13, 2020)).

Third, the Court considers whether the § 1782 application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. "There is no requirement that the party seeking discovery pursuant to section 1782 must first request discovery from the foreign tribunal." *de Leon v. Clorox Co.*, No. 19-MC-80296-EMC, 2021 WL 718840, at *7 (N.D. Cal. Feb. 24, 2021) (citing *de Leon v. Clorox Co.*, No. 19-MC-80296-DMR, 2020 WL 4584204, at *8 (N.D. Cal. Aug. 10, 2020)). Here, there is no indication that allowing discovery through the instant proceeding would circumvent proof-gathering restrictions.

Fourth, the Court analyzes whether the subpoena contains unduly intrusive or burdensome requests. The proper scope of discovery arising out of a § 1782 application is generally determined by the Federal Rules of Civil Procedure. *See, e.g., Gov't of Ghana v. ProEnergy Servs.*, LLC, 677 F.3d 340, 343 (8th Cir. 2012); *see also In re Letters Rogatory from Tokyo Dist. Prosecutor's Off.*, 16 F.3d 1016, 1019 (9th Cir. 1994). Applicant submits that the requested information is necessary based on its experience in pursuing legal actions against others involved in pay-television privacy, who often provide false account information and take other steps to conceal their identities. *See* Docket No. 1 at 7. Further, Applicant contends that it was authorized to obtain the same information from Sharktech and other server hosts in analogous cases. *See id.*; *see also* Docket No. 1-2 at 4-10; *see also* Docket No. 1-3 at 19-39 (court orders in other cases). At this stage, the Court is satisfied that Applicant has made a *prima facie* showing that the information sought is relevant to the foreign proceedings and not unduly intrusive or burdensome. Nonetheless, Sharktech is not precluded from challenging the subpoena once issued as being unduly burdensome, irrelevant, or overly broad. *See In re Jud. Assistance Pursuant to U.S.C. Sec. 1782*

5

*ex rel. Macquarie Bank Ltd.*, No. 2:14-CV-0797-GMN-NJK, 2014 WL 7706908, at *4 (D. Nev. June 4, 2014) (citing *In re Republic of Ecuador*, No. C-10-80225, 2010 WL 3702427, at *5 (N.D. Cal. Sept. 15, 2010)).

Accordingly, the Court finds that the discretionary factors weigh in favor of granting the § 1782 application.

**V.      CONCLUSION**

For these reasons, the Court **GRANTS** Applicant's *ex parte* application for discovery under 28 U.S.C. § 1782.  Docket No. 1.

IT IS SO ORDERED.

Dated: March 2, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

6